UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

**CLINT A. GANT**                                                        **CIVIL ACTION NO. 07-0618**

**VS.**                                                                              **JUDGE HAIK**

**HELIX ENERGY SOLUTIONS GROUP**           **MAGISTRATE JUDGE METHVIN**
**CAL DIVE I-TITLE X I INC.**
**TIDEWATER MARINE L.L.C.**

### RULING ON MOTION TO COMPEL IME
*(Rec. Docs. 13)*

Before the Court is a Motion to Compel Independent Medical Examination filed by defendants Helix Energy Solutions Group and Cal Dive ("Helix/Cal Dive"). On August 1, 2007, counsel for defendant Tidewater Marine, L.L.C. ("Tidewater") filed a letter advising that Tidewater joins Helix/Cal Dive's motion. Plaintiff, Clint A. Gant, filed an opposition and Helix/Cal Dive replied.[1]

In the Complaint, Gant alleges that he sustained serious personal injuries while working for Helix/Cal Dive on a Tidewater supply vessel on December 24, 2006. Gant has undergone medical treatment by Dr. John Cobb, an orthopaedist. Dr. Cobb has recommended a discography at L4-5 and an arthroscope of the right knee with possible medial meniscectomy.

Defendants seek to have Gant undergo an IME by Dr. Christopher Cenac, an orthopaedist in Houma, Louisiana, prior to Gant undergoing surgery. The IME is scheduled for August 16, 2007 at 8:15 a.m.

Gant maintains that he should not be required to undergo an IME by Dr. Cenac because Helix/Cal Dive had Gant undergo treatment by Dr. Robert W. Davis, a general practitioner, immediately after the accident and Dr. Davis referred Gant to Dr. Jonathon M. Shults, an

---

[1] Rec. Doc. 17 and 18.

orthopaedist. Additionally, Gant argues he should not be required to travel from his home in Patterson, Louisiana to Dr. Cenac's office in Houma.

> Rule 35(a) states:
>
> When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Although Rule 35 may permit more than one IME of a party, the party seeking the examination always bears the burden of showing good cause to support an order requiring a particularly requested examination. Where "the moving party has already made an examination in the past, ... the court will require a stronger showing of necessity before it will order repeated examinations." 8A C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2234 at 475. One court has stated that a "second examination is not necessary if there has already been an examination and a report which will enable the defendant to adequately defend the lawsuit." DeCrescenzo v. Maersk Container Service Co., 741 F.2d 17, 21 (2d Cir.1984).

Gant has clearly placed his medical condition at issue by filing a claim for damages and he has sought treatment from an orthopaedist who has recommended surgical intervention. Although Gant was initially treated by a doctor of Helix/Cal Dive's choosing, that treatment occurred prior to his allegations of disabling back pain. Moreover, the examinations by Drs. Davis and Shults were not at the request of Tidewater, which has joined the instant motion and is moving for an IME by Dr. Cenac. The undersigned concludes, therefore, that defendants are entitled to an IME and said IME should be conducted prior to plaintiff's surgery.

3

With respect to traveling to the IME, the undersigned concludes that requiring Gant to travel from his home in Patterson to Dr. Cenac's office in Houma would not be burdensome. The distance from Patterson to Houma is approximately 45 miles. Gant, however, travels approximately 60 miles to undergo treatment with Dr. Cobb in Lafayette.

Gant cites <u>Rainey v. Wal-Mart Stores, Inc.</u>, 139 F.R.D. 94 (W.D. La. 1991) for the proposition that an IME should be held in the district where suit was filed in order to insure that the physician will be available conveniently for trial testimony. Houma is located outside the Western District of Louisiana. However, the undersigned notes that the burden of securing Dr. Cenac for trial testimony will likely fall upon defendants. Considering that Gant is not required to travel far for the IME, and because defendants are willing to shoulder the burden of insuring Dr. Cenac's appearance for trial, the undersigned concludes that requiring Gant to undergo an IME with Dr. Cenac is appropriate. Accordingly,

**IT IS THEREFORE ORDERED** that the Motion to Compel Independent Medical Examination is **GRANTED**. Gant shall attend an examination by Dr. Cenac in Houma, Louisiana on August 16, 2007 at 8:15 a.m.

**IT IS FURTHER ORDERED** that the Clerk shall fax a copy of this ruling to all counsel of record.

Signed at Lafayette, Louisiana, on August 9, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)